```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| COASTLINE TERMINALS OF CONNECTICUT, INC. | : : : |
| v. | : :  CIV. NO. 3:00CV1698 (WWE) |
| UNITED STATES STEEL CORP. Defendant/Third-Party Plaintiff | : : : : |
| v. | : : |
| NORTHEAST WASTE SYSTEMS, INC., ET AL Third-Party Defendants | : : : : : |

                    RULING ON PENDING MOTIONS

Oral argument was held on September 25, 2003, on the following cross-motions between USS, Northeast Waste Systems, Inc. ("Northeast") and Waste Management of Connecticut, Inc.("Waste Management"). The three motions are interrelated. They are as follows.

1. USS's Motion to Compel Northeast to Answer Interrogatories **[Doc. #213]** is **GRANTED** in part in accordance with this ruling as set forth below;

2. Northeast and Waste Management's Motion for Reconsideration **[Doc. #218]** of this Court's August 18, 2003 discovery ruling ordering Northeast to provide interrogatory responses within

1

10 days.  Northeast and Waste Management correctly argue that this Court ruled on USS's Motion to Compel on August 18, 2003, prior to considering their opposition which was properly filed on August 25 pursuant to a motion for extension of time. [Doc. #215].  Accordingly, Northeast and Waste Management's Motion for Reconsideration **[Doc. #218]** is **GRANTED**.  Upon reconsideration, the Court **GRANTS** USS's Motion to Compel in accordance with this ruling.

3. <u>USS's Motion for Reconsideration of Judge Eginton's September 5, 2003 ruling granting Northeast's and Waste Management's motion to substitute Waste Management for Northeast</u> **[Doc. #226]**.  USS's Motion for Reconsideration is **GRANTED**.  Upon reconsideration, the Court **VACATES** Judge Eginton's September 5, 2003, ruling [Doc. #220]. In exercising its discretion in this matter, the Court declines Waste Management's Motion to Substitute on the current record.

On August 18, 2003, this Court ordered Northeast to provide sworn interrogatory answers within 10 days [Doc. #217].  On August 25, 2003, Northeast and Waste Management filed a motion for reconsideration of this Court's August 18 ruling [Doc. #218]. On the same day, Northeast and Waste Management also filed a Motion to Substitute Party [Doc. #220].

Northeast and Waste Management first argue that all the interrogatories have been answered under oath by the appropriate

2

party.  Northeast "was formally dissolved in 1999 and Waste Management, as the remaining entity after a stock and asset purchase, provided timely verified responses to all of the interrogatories at issue on behalf of [Northeast] and Waste Management." [Doc. #218, Ex. 3 at 1-2].  As such, Waste Management asserts it is the proper party to answer the interrogatories on behalf of Northeast (a corporate predecessor-in-interest which is now dissolved).  Although denying the merits of USS's claims, Waste Management has indicated in its discovery responses that it would satisfy any judgment against Northeast. [Id. Ex. 3 at 4].  At oral argument, counsel for Waste Management assured the Court that they have conduced a thorough search of all locations for documents and produced all documents responsive to USS's requests to Northeast.

At oral argument the Court asked whether the granting of the Motion to Substitute would have any practical effect on USS's ability to get documents.  Counsel for Waste Management responded no, that they are the same general operation as Northeast, the personnel are the same, and the access to documents is the same.

USS contends that the failure of a Northeast representative to sign interrogatory responses is the key issue.  USS stated that Triton has indicated that Northeast conducted a solid waste station and volume reduction station from 1992 on 15 acres of the 33 acre site.  USS is seeking discovery into Northeast's

3

approximately eight years of operations at the site.  USS argues that the granting of the Motion to Substitute will shield Northeast from its federal discovery obligations and derivatively insulate Waste Management from liability.  USS seeks signed and sworn interrogatory responses from a Northeast representative regarding operations on the site through 1999 when Waste Management took over.  It predicts that Waste Management will say it didn't know what happened while Northeast operated at the site.

    Waste Management counsel assured the Court on the record that it has no control over the former employees of Northeast and that USS has other means to pursue this discovery. Moreover, Triton conducted its site inspection when Northeast was still operating on site.  Waste Management asserts that it has fulfilled its obligation to respond to discovery, that former Northeast corporate officers and employees can be deposed under oath, and that Waste Management will satisfy any judgment against it or Northeast.  Since Northeast is not operational, there is no corporate officer to sign interrogatory responses.  While USS agrees on this point, it contends that Waste Management must approach the prior officers and directors of Northeast to respond.

    Given the status of Northeast, the parties must endeavor to cooperate and use their best efforts to gather the discovery

sought and to assure each other that a good faith effort is made to provide discovery, witnesses and/or the location of former Northeast corporate officers and employees.  After due consideration of the parties' positions, the Court rules as follows.

    Within ten (10) days, Waste Management will provide a list of former Northeast corporate officers and employees who are currently employed by Waste Management and a list of other former Northeast corporate officers and employees with their last known addresses.  USS will confer with Waste Management on this effort.  Waste Management will also provide a sworn statement specifying its efforts to locate Northeast documents and all efforts to locate former Northeast corporate officers and employees for fact depositions.  Prior to any renewal of its request for further discovery from Northeast, USS will conduct fact depositions from former Northeast corporate officers and employees and will inform the Court of its ongoing efforts to conduct discovery into Northeast's operations.  Issues may be discussed by telephone as they arise.

    SO ORDERED at Bridgeport this 9th day of December 2003.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE