UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
COASTLINE TERMINALS OF        :
CONNECTICUT, INC.             :
                              :
v.                            :   CIV. NO. 3:00CV1698 (WWE)
                              :
UNITED STATES STEEL CORP.     :
Defendant/Third-Party         :
Plaintiff                     :
                              :
v.                            :
                              :
NORTHEAST WASTE SYSTEMS, INC.,:
ET AL                         :
Third-Party Defendants        :
                              :
```

## RULING ON PENDING DISCOVERY MATTERS

Oral argument was held on November 12, 2003, on five discovery matters raised in USS's letter dated October 23, 2003.

1.  **Communications with USS's Former Employees**

    At issue is Coastline's response to interrogatory 1 to USS's March 17, 2003 discovery requests. The interrogatory states

    > Identify each communication between you or anyone then acting on your behalf (including your attorneys and environmental consultants), on the one hand, and any present or past employee, environmental consultant or other representative of USS (excluding USS's undersigned trial counsel), on the other hand, concerning the Site, USS's operations at the Site, the claims or defenses asserted in this action, or any facts which you allege are relevant to any of the above, and, for each such communications, state (i) the identity of each natural person who participated in any way, (ii) the date, (iii) the form (e.g. telephone, in person, in writing), (iv) how long the communication lasted, (v) the identity of the natural person who decided that the communication, if different, and (vii) the identity (or bates number) of all documents concerning the communication (including, but not limited to notes, telephone bills/records, letters, e-

1

mails, and facsimile transmission reports).

Coastline responded that "[c]ounsel for Coastline has contacted and attempted to contact certain former employees of the former USS New Haven Works that are listed in the document previously produced by Coastline and bates stamped as ##00917-00928. Coastline objects to the remainder of the interrogatory as it seeks information protected by the attorney work product doctrine." Bates stamped ##00917-00928 is a list of 288 former USS employees. "Coastline is only seeking to protect the identity of former U.S. Steel employees contacted by counsel and the substance of [conversations] between counsel and such employees." [Doc. #236 at 3].

Accordingly, the identity of the former USS employees contacted by Triton and the content of those conversations is discoverable. Additionally, any information provided by former USS employees to Coastline's counsel that was conveyed to Triton is discoverable. If no information provided by former USS employee was conveyed to Triton by Coastline's counsel, then Coastline should provide a sworn statement stating that fact clearly and affirmatively.

At issue is discovery of:

-The identity of the former USS employees contacted by Coastline's counsel; and

-The facts provided by former USS employee(s) to Coastline's

2

counsel.[1]

    Fed. R. Civ. P. 26(a)(1)(A) provides that

> a party must, without awaiting a discovery request, provide to other parties:
> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

    Fed. R. Civ. P. 26(e)(1) provides:

> (e) Supplementation of Responses.  A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
> (1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A) and (e) Coastline will provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that [Coastline] may use to support its claims or defenses, unless solely for impeachment, identifying the subjects for the information." Coastline clearly has an on-going duty to supplement this disclosure. Fed. R. Civ. P. 26(e).

---

[1] It is undisputed that Coastline's counsel's mental impressions, conclusions, opinions, or legal theories are protected and are not discoverable.

On May 9, 2002,[2] Coastline's counsel David Monz, drafted a memo to Martin Tristine and Christopher Marchesi of Triton entitled "Coastline Terminals of Connecticut, 238 Fairmont Avenue, Interview Protocol for Past Employees of U.S. Steel Group.[3] The memo states in relevant part,

> I have provided below a list of specific questions that should be included in the interviews of past employees of U.S. Steel Group in connection with the environmental condition of the 238 Fairmont Avenue property. Obviously, the goal of the interviews is to obtain as much information as possible about the operations and waste management practice of U.S. Steel during its ownership of and operation at the property. As we discussed, <u>Coastline and/or Triton should inform each interviewee that the purpose of the interview is to obtain information that may be useful to the environmental investigation and potential remediation of the property by Coastline. Each interviewee should [be] encouraged to be candid and should be assured that there will be no negative repercussions.</u>

[Doc. #228, Ex. B].

USS argues that counsel's "protocol confirms that the information was sought only for use with respect to the environmental investigation and potential remediation of the subject property." [Doc. #28 at 3]. "Whether or not this protocol was formally followed, the document demonstrates the intent held by Coastline and its counsel at the relevant time." <u>Id.</u> at 3 n 3. USS reasons that "Coastline cannot now argue to this Court that such information was gathered in preparation for trial . . .

---

[2] This case was commenced against USS on September 1, 2000. [Doc. #1].

[3] This memo was provided to USS by Coastline on September 16, 2003.

4

." Id at 4.  Finally, USS maintains, and the Court agrees, that Coastline should be estopped from claiming that the information was collected in preparation for trial as opposed to remediation-related purposes, when they apparently "misled former USS employees into providing information without full disclosure of Coastline's and its counsel's true intentions." Id.  At oral argument Coastline offered no rebuttal to USS's argument, stating that it relied on its written submissions.

Interviews of former USS employees by either Coastline's legal representatives and/or Triton would be expected in the ordinary course of environmental remediation work.  Any information provided by a former USS employee to Coastline's counsel that was subsequently provided to Triton is clearly discoverable.  Former USS employees contacted by Coastline and the information provided by former USS employees to Coastline's counsel in interviews performed for the stated "purpose . . . to obtain information that may be useful to the environmental investigation and potential remediation of the property by Coastline" with the assurance "that there will be no negative repercussions" is also discoverable.

The parties may contact the Court to schedule a telehone conference if clarification is requested or other issues arise. The parties are required to seek permission of the Court if further briefing of this issue is sought.

2.  <u>Discovery Responses by Coastline and New Haven Terminal ("NHT")</u>

Specifically, USS seeks complete responses from Coastline and NHT to "historic environmental conditions" at the site including previously remediated environmental conditions, contaminated woodchip piles, and the spreading of "mulch" over large portions of the property. Specifically, USS seeks complete responses from NHT to Interrogatory 1 of USS's second set of discovery requests and complete responses from NHT and Coastline to Interrogatories 2, 3, 5 of USS's fourth set of discovery requests, including the requested information with respect to the woodchip piles and the mulch. Coastline and NHT state that their answers to the interrogatories were responsive and that the additional discovery sought by USS is irrelevant. The Court disagrees. Relevancy arguments may be reserved for the time of trial. At this stage of the proceedings, USS has made an adequate showing that discovery of this information "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, Coastline and NHT will provide complete responses to these interrogatories withing ten (10) days. The Court reserves on the question of attorneys' fees at this time. The parties should contact the Court for a telephone conference if any questions arise that may postpone compliance with this schedule.

3. <u>Additional Sampling of Woodchips</u>

USS's request to conduct limited additional sampling of the woodchips **[Doc. #227]** is **GRANTED**. USS estimates it will need three hours for the sampling. The parties will enter into an access site agreement prior to entry on the property.

4. <u>Parties' "Other Site" Discovery</u>

All requests for "other site" discovery from any of the parties are **DENIED** without prejudice to renewal at the completion of <u>all</u> fact discovery and completion of <u>all</u> fact depositions of former USS employees and <u>all</u> other fact witnesses. Any renewal of this request for "other site" discovery must be accompanied by a proffer that the party has exhausted all efforts to gain information on the New Haven site, and that USS has either provided inaccurate information or insufficient information. Coastline will also make a proffer on the Providence and Worcester Railroad site to support its request for "other site" discovery and will also specify the years during which it claims USS engaged in actionable conduct at the New Haven site. If Coastline can meet these proffers, the parties will have an opportunity to brief the particular sites of interest, including distinguishing characteristics, and propose appropriately limited discovery.

All third-party defendant "other site" discovery is denied without prejudice on the current record.

5.   <u>Deposition of Triton's Christopher Marchesi</u>

There is no dispute that Coastline will name Triton as an expert in this litigation. Coastline contends that Marchesi cannot render an expert opinion without the completion of discovery. Coastline stated it received 700 pages of documents on October 31 and another 98 boxes of records were recently made available for inspection. Coastline also states it will need "other site" discovery of USS facilities.

Coastline will disclose its expert on or before Wednesday, December 10, 2003 or USS will be permitted to conduct a fact deposition of Christopher Marchesi during the first week of January 2004.

The parties agreed at oral argument that the third party defendants will engage in staged disclosure of experts after Coastline and USS have made their disclosures. A schedule will be set at that time.

<u>Settlement Conference</u>

At oral argument the parties sought a referral to a settlement judge to schedule a conference within the next thirty (30) days. The parties are advised to contact Judge Garfinkel, as soon as possible, to schedule a settlement conference for early January 2004.

CONCLUSION

    USS's request to conduct limited additional sampling of the woodchips **[Doc. #227]** is **GRANTED**.

    SO ORDERED at Bridgeport this \_2\_ day of December 2003.

                               HOLLY B. FITZSIMMONS
                               UNITED STATES MAGISTRATE JUDGE