```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                     :
COASTLINE TERMINALS OF               :
CONNECTICUT, INC.                    :
                                     :
v.                                   :   CIV. NO. 3:00CV1698 (WWE)
                                     :
UNITED STATES STEEL CORP.            :
Defendant/Third-Party                :
Plaintiff                            :
                                     :
v.                                   :
                                     :
NORTHEAST WASTE SYSTEMS, INC.,       :
ET AL                                :
Third-Party Defendants               :
                                     :
                                     :
```

## RULING ON USS'S MOTION FOR ORDER [Doc. #259]

Oral argument was held on March 18, 2004, to address United States Steel Corporation's ("USS") motion for relief due to the failure by Coastline Terminals of Connecticut, Inc.'s ("Coastline") and Third-Party/Apportionment defendant New Haven Terminal, Inc.'s ("NHT") to comply with this Court's December 2, 2003 ruling on pending discovery matters. **[Doc. #259]**.

USS contends that Coastline and NHT failed to disclose as ordered (1) information concerning communications with USS former employees and (ii) information concerning certain historic environmental conditions at the subject property (the "Site"), including previously remediated conditions, contaminated woodchip piles, and the spreading of mulch over portions of the Site. In the first instance, Coastline failed to disclose <u>any</u> information concerning communications with USS's former employees. In

failing to provide a complete response to Interrogatory 1 of USS's Second Set of Discovery Requests, USS argues that NHT violated three orders of this Court: May 8, 2003 Ruling on USS's Motion for Order at 2-3; August 18, 2003 Discovery Ruling at 13-14; and December 4, 2003 Ruling on Pending Discovery Matters at 6. [USS Ex. D, E, A].  The Court agrees.  USS notes that its second set of discovery requests was served on NHT on May 7, 2001, with NHT substantively responding for the first time on March 27, 2002. "Thus, NHT's refusal to provide this information actually dates back over 2½ years." [Doc. #259 at 5].

Pursuant to  D. Conn. L. Civ. R. 37(a)(5), compliance with this Court's December 2, 2003 Order was due December 14, 2003. On December 18, 2003, USS agreed to allow Coastline and NHT additional time to comply, until December 31, 2003.  The parties agree that, as of the date of this motion, Coastline had provided no former employee information and NHT has failed to provide the required historic environmental condition information, in violation of the Court's December ruling.  USS notes that Coastline and NHT substantially provided the ordered information in their March 9, 2004 supplemental discovery responses, the date on which they filed their opposition to the motion for order.

On February 18, 2004, USS filed this motion seeking relief from Coastline and NHT's failure to comply with this Court's December 2, Order.  USS seeks an order (i) prohibiting the introduction into evidence (including the reliance thereon by any expert witnesses) of any of the responsive information concerning USS's former employees; (ii) taking certain facts regarding the

contaminated woodchip piles and mulch to be established for the purposes of this action; and (iii) awarding USS its reasonable expenses for this motion, including attorneys' fees in the amount of $10,000 or as set by the Court.  USS correctly points out that Coastline and NHT's March 9, 2004, supplemental discovery responses were provided long after such information was due and only after USS was forced to go through the effort and expense of formally seeking further relief from this Court and having the matter scheduled for oral argument. This Court finds that this motion was instrumental in bringing about the supplemental responses.

     The Court has carefully reviewed the December 4, 2003 ruling, the record and the efforts of USS to obtain responses from NHT to Interrogatory 1 of USS's second set of discovery requests and complete responses from NHT and Coastline to Interrogatories 2, 3 and 5 of USS's fourth set of discovery requests. This Court specifically reserved on the question of attorney's fees in the December ruling, stating, "[t]he parties should contact the Court for a telephone conference if any questions arise that may postpone compliance with this schedule." [Doc. #251 at 6].  Counsel for Coastline and NHT never contacted the Court in advance of the December 31, 2003 deadline, or at any other time, to seek additional time to comply with the Court's ruling and order.  Similarly, Coastline and NHT never contacted USS to offer an explanation or to seek additional extensions of time. Rather, Coastline and NHT waited until March 9, 2004, nearly three weeks after USS filed this motion for order, and

after oral argument was scheduled, to comply with this Court's December 2, 2003 ruling and order. At oral argument, Coastline and NHT offered no reasonable explanation for their failure to make timely compliance.

After careful consideration, the Court declines USS's request to preclude certain evidence and find certain facts.[1]

However, sanctions are appropriate. At oral argument, counsel for Coastline and NHT admitted they "overlooked" the ten day rule set forth in D. Conn. L. Civ. R. 37(a)(5) for compliance with discovery orders. Coastline and NHT explained that they failed to comply with the Court's order because they were focusing on preparing for a settlement conference before Judge Garfinkel scheduled for January 9 and 14, 2004. Coastline and NHT agreed that this was not an excuse or justification for failing to provide discovery, but asserted there was never a "bad faith denial" of discovery.

Coastline and NHT argued that USS failed to comply with D. Conn. L. Civ. R. 37(a)(2), requiring a pre-motion conference with

---

[1] Specifically USS requests (i) that this Court prohibit Coastline from introducing any evidence (including prohibiting Coastline's expert witnesses from considering same) as to the former USS employees contacted by Coastline, its counsel or Triton through the date hereof, and that Coastline be ordered to provide a sworn list identifying all such persons contacted, and (ii) that this Court hold to be established that Coastline and NHT solely are the cause of, and solely are responsible for all investigatory and remedial expenses associated with, any and all contamination at the Site present below the footprints of any areas at which the woodchips/mulch ever were stockpiled or spread (including, but not limited to, the general vicinity of Buildings 103 and 104 and those areas designated on the Triton map bates-stamped TR 985, and that Coastline and NHT be ordered to provide a sworn map identifying, to scale, all such footprints/areas.

opposing counsel to discuss" the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy . . . ," contending that the rule applies to non-compliance. Upon questioning by the Court, counsel for Coastline and NHT admitted that there was "outstanding discovery" but no outstanding discovery issue.  Coastline and NHT offered no further explanation for the delay in compliance with the Court's order from January 1 through March 9, 2004.  USS identified no immediate prejudice it suffered from the late disclosure as the Marchesi deposition was continued to another day, on which questioning will be possible about the recent production. However, USS correctly observes that prejudice is evidenced by the age of the case-more than three years-and the extraordinary motion practice and expenditure of judicial resources to oversee discovery. .

Accordingly, the Court **grants** USS's request for attorneys' fees in the amount of $10,000 for failure to comply with this Court's ruling and order dated December 2, 2004 and for costs and fees incurred in bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(4) and (b)(2).

CONCLUSION

USS's Motion for Relief **[Doc. #259]** is **GRANTED in part and DENIED in part**.  Coastline and NHT are ordered to pay attorneys' fees and costs incurred by USS in bringing this motion, in the

amount of $10,000.[2]  Payment will be made within ten (10) days.

The parties will propose a schedule for the disclosure of expert(s) by April 30, 2004.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  The imposition of monetary sanctions under Fed. R. Civ. P. 37 "for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the "clearly erroneous or contrary to law standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). As such, this is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 24th day of March 2004.

\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[2]