UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| COASTLINE TERMINALS OF CONNECTICUT, INC., <br>     Plaintiff, <br><br> v. <br><br> USX CORPORATION, <br>     Defendant/Third-Party Plaintiff, <br><br> v. <br><br> NORTHEAST WASTE SYTEMS, INC., NEW HAVEN TERMINAL, INC., et al., <br><br>     Third-Party Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. <br> 3:00cv1698 (WWE) <br><br><br><br><br> APRIL 12, 2004 |

**<u>OBJECTION OF PLAINTIFF COASTLINE AND
THIRD-PARTY DEFENDANT NEW HAVEN TERMINAL TO RULING ON
DEFENDANT/THIRD-PARTY PLAINTIFF U.S. STEEL'S MOTION FOR ORDER</u>**

    Plaintiff, Coastline Terminals of Connecticut, Inc. ("Coastline") and Third-Party Defendant,

New Haven Terminal, Inc. ("NHT") hereby respectfully object to the March 24, 2004 Ruling (the

"Ruling") of the Honorable Holly B. Fitzsimmons on the Motion for Order of Defendant/Third-Party

Plaintiff U.S. Steel. As set forth below, neither Coastline nor NHT object to that portion of the

**ORAL ARGUMENT IS REQUESTED**

358129

Ruling awarding attorneys' fees.  Coastline and NHT object solely to the award of a $10,000 sum certain in the absence of proof of the hours spent and the prevailing rates charged by counsel for U.S. Steel in the preparation of the motion for order.

I.     **BACKGROUND**

Coastline instituted this action against U.S. Steel for the recovery of, among other costs, the response costs expended and to be expended by Coastline in remediating the environmental contamination at 238 Fairmont Avenue in New Haven, Connecticut (the "Site"), where U.S. Steel conducted wire drawing and manufacturing operations for nearly eighty years.  Coastline brought its action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq., as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub.L. 99-499.  In response, U.S. Steel initiated a contribution action against NHT and six other third-party defendants, alleging that each was responsible for a portion of the contamination at the Site.

On or about February 18, 2004, U.S. Steel filed a Motion for Order to compel NHT to provide complete responses to Interrogatory 1 of USS's Second Set of Discovery Requests, and to compel both NHT and Coastline to provide complete responses to Interrogatories 2, 3, and 5 of U.S. Steel's Fourth Set of Discovery Requests dated May 17, 2002.  In addition, U.S. Steel requested that: (1) the

Court prohibit Coastline from introducing any evidence as to the former U.S. Steel employees contacted by Coastline, its counsel, and its environmental consultant, Triton Environmental, Inc.; (2) the Court hold to be established that Coastline and NHT solely are the cause of, and solely are responsible for the costs of, the investigation and remediation associated with any and all contamination at the Site under the areas where woodchips and mulch were stored or spread on the site; and (3) the Court award U.S. Steel its attorneys' fees in preparation of its Motion for Order, though U.S. Steel did not specify its fees in its Motion or provide documentation of its fees with its Motion.  See U.S. Steel's Motion for Order Re: Coastline Terminals of Connecticut, Inc.'s and New Haven Terminal, Inc.'s Failure to Comply with Discovery Order and supporting Memorandum of Law (attached hereto as Exhibit A).

      Coastline and NHT filed a joint Objection dated March 9, 2004 to U.S. Steel's Motion for Order.  Through their Objection, Coastline and NHT maintained that they had made good-faith efforts to comply with discovery requests and orders, and had raised good-faith objections to U.S. Steel's discovery requests when appropriate.  In addition, Coastline and NHT averred that they had provided the information requested by U.S. Steel through several prior initial and supplemental discovery responses, including those filed concurrently with their Objection.  See Plaintiff, Coastline Terminals of Connecticut, Inc.'s and Third-Party Defendant, New Haven Terminal, Inc.'s Objection to Defendant, United States Steel Corporation's Motion for Order (attached hereto as Exhibit B).

The Court heard oral argument on March 18, 2004. At oral argument, counsel for U.S. Steel acknowledged that, through their March 9, 2004 supplemental discovery responses and prior discovery responses, NHT had substantially complied with Interrogatory 1 of USS's Second Set of Discovery Requests, and that both NHT and Coastline had substantially complied with Interrogatories 2, 3, and 5 of U.S. Steel's Fourth Set of Discovery Requests dated May 17, 2002. Counsel for U.S. Steel nonetheless pursued the relief requested in its Motion for Order. At that time, counsel for U.S. Steel stated that the fees for preparing the Motion for Order and other prior unspecified discovery motions amounted to $10,000. Counsel for U.S. Steel stated his hourly billing rate, but did not provide any documentation of his billing rate or of the hours he or other attorneys spent preparing the Motion for Order. In addition, counsel for U.S. Steel did not specifically identify the other prior discovery motions for which he requested fees or provide documentation of the hours he or other attorneys spent preparing such prior discovery motions.

In its Ruling, dated March 24, 2004, which counsel for Coastline and NHT received on March 29, 2004, the Court denied U.S. Steel's requested evidentiary relief, but granted U.S. Steel's attorneys' fees in the amount of $10,000. The Court did not, however, require counsel for U.S. Steel to demonstrate the number of hours spent preparing the motion or if the legal work was performed at the appropriate level within the firm. This, under Second Circuit case law is "clearly erroneous and contrary to law."

358129

- 4 -

## II.     STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 72(a) and the Federal Magistrates Act, 28 U.S.C. § 631 *et seq.*, a District Court's review of a ruling of a U.S. Magistrate Judge is dependent upon whether the matter decided is a dispositive or non-dispositive issue.  The imposition of sanctions pursuant to Fed.R.Civ.P. 37 is a non-dispositive issue.  Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262 (S.D.N.Y. 1995) ("Bowne 1995") (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d. 522, 525 (2d Cir. 1990)), and is reviewed by the Court under a "clearly erroneous and contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).  As set forth below, this is one of those extraordinary situations where this strict standard is met.

## III.    ARGUMENT

Fed.R.Civ.P. 37 provides, in pertinent part:

> If the motion [for order] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(4)(A).

It is well settled that the moving party under Rule 37 bears the burden of proving the hours spent and the prevailing rates charged.  See New York State Assoc. for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-49 (2d Cir. 1983); accord Bowne of New York City, Inc. v. AmBase Corp., 1993 U.S. Dist. LEXIS 15331, *2 (S.D.N.Y. 1993) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (internal quotation marks omitted)) (award of attorneys' fees is generally calculated using the "lodestar" approach, which entails the multiplication of "the number of hours reasonably expended on the litigation is multiplied by a reasonable rate or attorneys and paraprofessionals") (copy attached as Exhibit C).  In addition, the Rule 37 movant bears the burden of demonstrating the reasonableness of each element of its fee request.  See Cobell v. Norton, 231 F.Supp. 2d 295, 300 (D.C.Dist. 2002); accord Bowne 1995) ("[a]ttorneys seeking fees are expected to use junior attorneys where possible in order to save money"); Mautner v. Hirsch, 831 F. Supp. 1058, 1076 (S.D.N.Y. 1993) (reducing award by $30,000 for "overbilling"; partners used for certain tasks more appropriately suited to associates, and associates used for certain tasks more appropriately suited to non-legal personnel).

     Here, counsel for U.S. Steel did not meet the burden placed on him by Second Circuit case law, which requires proof of the hours spent and the prevailing rates charged in the preparation of a motion for order.  Counsel for U.S. Steel offered only a single element of proof, his oral statement of his hourly billing rate, but offered no documentation of his billing rate.  In addition, counsel for U.S.

358129

Steel did not quantify the number of hours he or other attorneys spent preparing the Motion for Order, provide documentation or other proof of such hours, or if the legal work was properly allocated within the firm. Finally, counsel for U.S. Steel did not specifically identify the other prior discovery motions for which attorneys' fees were requested, quantify the hours spent preparing the other prior discovery requests, state the applicable hourly billing rate, or provide documentation or other proof of the applicable hourly billing rate or the hours. Without such information, it is impossible to calculate the award of attorneys' fees using the lodestar approach and impossible to evaluate the "reasonableness" of the elements of the fee request (i.e., number of hours and billing rates). Consequently, in the absence of such information, the award of a $10,000 sum certain was clearly erroneous and contrary to well-settled law.

Significantly, counsel for U.S. Steel acknowledged that such information on hours and billing rates is necessary and appropriate. In footnote 2 of U.S. Steel's Memorandum of Law in support of the Motion for Order, defense counsel states "[t]o the extent this Court does find that an award of attorneys' fees . . . is appropriate, USS will submit a supporting affidavit within any period of time ordered by the Court." See Exhibit A at 2, n.2.

358129

- 7 -

### IV.  CONCLUSION

      For all the foregoing reasons, Coastline and NHT respectfully request that their objection to the Ruling be sustained and this Court require counsel for U.S. Steel to submit an affidavit in which defense counsel demonstrates the hours and billing rates of those attorneys involved in preparing the subject Motion for Order.

      Respectfully submitted,

PLAINTIFF,
COASTLINE TERMINALS OF CONNECTICUT, INC.

THIRD-PARTY DEFENDANT,
NEW HAVEN TERMINAL, INC.

By:_____
    DAVID J. MONZ, ESQ.
    Federal Bar Number:  ct07061
    SCOTT N. KOSCHWITZ, ESQ.
    Federal Bar Number ct23684
    Updike, Kelly & Spellacy, P.C.
    One Century Tower
    265 Church Street, 10th Floor
    New Haven, Connecticut  06510
    Telephone Number:  (203) 786-8300

**<u>ORDER</u>**

      Based on the foregoing Objection having been duly presented to this Court, it is hereby ORDERED: SUSTAINED / OVERRULED.

                                THE COURT

                                _____

                                Judge/Clerk

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 12th day of April, 2004 to the following counsel of record:

| | |
|---|---|
| Brian P. Daniels, Esq. | Ann M. Catino, Esq. |
| John R. Bashaw, Esq. | Lori M. Dibella, Esq. |
| Michelle Goglia, Esq. | Halloran & Sage LLP |
| Brenner, Saltzman & Wallman, LLP | 225 Asylum Street |
| 271 Whitney Avenue | Hartford, Connecticut 06106 |
| P.O. Box 1746 | |
| New Haven, Connecticut 06507-1746 | |
| | |
| Joseph P. Williams, Esq. | Eric Lukingbeal, Esq. |
| Matthew Ranelli, Esq. | Richard Fil, Esq. |
| Shipman & Goodwin LLP | Robinson & Cole, LLP |
| One American Row | 280 Trumbull Street |
| Hartford, Connecticut 06103-2819 | Hartford, Connecticut 06103-3597 |

Alan G. Schwartz, Esq.  
Wiggin & Dana  
One Century Tower  
265 Church Street  
New Haven, Connecticut 06508-1832  

Christopher P. McCormack, Esq.  
Matthew A. Sokol, Esq.  
Tyler, Cooper & Alcorn  
205 Church Street, P.O. Box 1936  
New Haven, Connecticut 06509-1910  

William Riiska, Esq.  
P.O. Box 1340  
3 Farnam Road  
Lakeville, CT 06039  

_____  
DAVID J. MONZ, ESQ.  
UPDIKE, KELLY & SPELLACY, P.C.