UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COASTLINE TERMINALS OF CONNECTICUT, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 3:00cv1698 (WWE) |
| USX CORPORATION, | : : : | |
| Defendant/Third-Party Plaintiff, | : : | |
| v. | : : : | |
| NORTHEAST WASTE SYTEMS, INC., NEW HAVEN TERMINAL, INC., et al., | : : : : | MAY 7, 2004 |
| Third-Party Defendants. | : : | |

**REPLY OF PLAINTIFF COASTLINE AND
THIRD-PARTY DEFENDANT NEW HAVEN TERMINAL
TO SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MARCH 24, 2004 AWARD OF
ATTORNEYS' FEES OF DEFENDANT/THIRD-PARTY PLAINTIFF U.S. STEEL**

Plaintiff, Coastline Terminals of Connecticut, Inc. ("Coastline") and Third-Party Defendant, New Haven Terminal, Inc. ("NHT") hereby reply to Defendant/Third-Party Plaintiff U.S. Steel's Supplemental Memorandum in Support of March 24, 2004 Award of Attorneys' Fees (the "Supplemental Memorandum").

**ORAL ARGUMENT IS REQUESTED**

361005

I. **BACKGROUND**

On March 24, 2004, the Court issued its Ruling on the February 18, 2004 Motion for Order of Defendant/Third-Party Plaintiff U.S. Steel.  The Court denied the evidentiary relief requested by U.S. Steel, but granted U.S. Steel attorneys' fees in the amount of $10,000.

On April 12, 2004, Coastline and NHT filed their objection to the Ruling.  Coastline and NHT objected solely to the award of a $10,000 sum certain in the absence of proof of the hours spent and the prevailing rates charged by counsel for U.S. Steel in the preparation of the Motion for Order.

U.S. Steel filed its Supplemental Memorandum with the Court on or about April 20, 2004.  Through its Supplemental Memorandum, U.S. Steel identified the two attorneys who worked on the discovery matters addressed by the Motion for Order and their billing rates.  In addition, the Supplemental Memorandum included a table stating the date of the work, the attorney performing the work, a description of the work, the hours spent, and the total cost of the work.

II. **ARGUMENT**

An award of attorneys' fees pursuant to Federal Rule of Civil Procedure 37 is generally calculated using the "lodestar" approach, which entails the multiplication of "the number of hours reasonably expended on the litigation by a reasonable rate for attorneys and paraprofessionals.  See New York State Assoc. for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-49 (2d Cir. 1983);

accord Bowne of New York City, Inc. v. AmBase Corp., 1993 U.S. Dist. LEXIS 15331, *2 (S.D.N.Y. 1993) (copy attached as Exhibit A).

A movant under Rule 37 bears the burden of demonstrating the reasonableness of each element of its fee request. See Cobell v. Norton, 231 F.Supp. 2d 295, 300 (D.C.Dist. 2002); accord Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262 (S.D.N.Y. 1995) ("Bowne 1995") ("[a]ttorneys seeking fees are expected to use junior attorneys where possible in order to save money"); Mautner v. Hirsch, 831 F. Supp. 1058, 1076 (S.D.N.Y. 1993) (reducing award by $30,000 for "overbilling"; partners used for certain tasks more appropriately suited to associates, and associates used for certain tasks more appropriately suited to non-legal personnel).

The Supplemental Memorandum reveals that U.S. Steel's request for $10,000 in attorneys' fees is unreasonable. Specifically, the ratio of partner-to-associate time on the discovery matters at issue is unreasonably skewed. Through its Supplemental Memorandum, U.S. Steel documents a total of 42.25 hours, for a total cost of $10,779.25.[1] Attorney Daniels, a partner with his firm, billed 37.25 hours, or 88.2% of the total hours billed. In contrast, Attorney Goglia, an associate, billed a mere 5.0 hours, or 11.8%. The disparity is even greater in terms of cost: Attorney Daniels' billed time equals

---

[1] Although the Supplemental Memorandum documents a total $10,779.25 of attorneys' fees, U.S. Steel limits its request, as first made at the March 18, 2004 oral argument on the Motion for Order, to $10,000.

361005

- 3 -

$10,029.25, or approximately 92.5% of the total, while Attorney Goglia's billed time equals just $750, or approximately 7.5% of the total.

The unreasonableness of this ratio is even more apparent through a review of the work performed. Tasks performed by Attorney Daniels, a partner, include: drafting and finalizing discovery letters, motions and memos; telephone calls with the court clerk regarding the discovery briefing and hearing schedule; researching and drafting the Motion for Order; compiling exhibits to the Motion for Order; review of Coastline's brief regarding discovery issues; and the preparation of a reply memo to Coastline's brief. See Supplemental Memorandum, pp. 2 and 3 (attached hereto as Exhibit B). Clearly, these tasks are more appropriately performed by an associate. The performance of these tasks by a partner unnecessarily and unduly raises costs, and is contrary to the expectation that attorneys seeking fees pursuant to Rule 37 will appropriately manage costs by delegating tasks to junior attorneys.

It is apparent that Attorney Goglia should have performed, at a minimum, the tasks that Attorney Daniels performed on 9/18/03 (Drafting discovery letters to court; motion re: woodchip removal; supplemental memo re: Coastline's interviews with former USS employees) for 5.5 hours; 9/19/03 (Finalize/file discovery letters to court: motion re: woodchips; supplemental memo re: Coastline's interviews with former USS employees) for 4.25 hours; 9/23/03 (Telephone calls with Coastline/NHT counsel, court clerk re: briefing/hearing schedule; telephone conference with

361005

Coastline/NHT counsel and U.S.M.J. Fitzsimmons re: same) for 1 hour; 10/9/03 (Letter to Court re: woodchips/discovery requests re: same; reply memo re: woodchip sampling) for 3.5 hours; 10/10/03 (Drafting reply memo re: woodchip sampling) for .5 hours; 1/10/04 (Drafting motion for order; exhibits re: same) for 5 hours; and 1/12/04 (Researching/drafting motion for order; telephone conference with client re: same) for 5 hours. Had Attorney Goglia performed these tasks, the total amount of attorneys' fees incurred by counsel for U.S. Steel would have been $7,815.00, as opposed to $10,779.25.

In addition, the time spent by Attorney Daniels on 11/12/03 (Prep for/attend discovery calendar oral argument) for 6 hours and 3/18/04 (Oral argument re: motion for order) for 3 hours is excessive and should be reduced. The November 2003 discovery calendar oral argument lasted for no more than 2 hours. Given the fact that Attorney Daniels prepared for the argument the day before for 2 hours, additional preparation time should not be allowed. Nor should time spent traveling to and from court and/or waiting for argument to commence. For these reasons, the entry for 11/12/03 should be reduced to 2 hours at a cost of $530.00. Similarly, the March 2004 oral argument lasted for no more than 1 hour, and the fee charged by Attorney Daniels should not have exceeded $275.00. These reductions for excessive time would further reduce the amount owed to U.S. Steel for attorneys fees to $6,205.00.

361005

This above-referenced adjustments in fees represent a 42.4 % reduction in the total fees owed. In the interest of justice, this Court should reduce the $10,000.00 in attorneys' fees awarded to U.S. Steel by 42.4 %, and award U.S. Steel $5,760.00.

### III.  CONCLUSION

For the foregoing reasons, Coastline and NHT respectfully request that the Court reduce U.S. Steel's award of attorneys' fees to $5,760.00, or as the Court otherwise deems appropriate and equitable.

Respectfully submitted,

PLAINTIFF,
COASTLINE TERMINALS OF CONNECTICUT, INC.

THIRD-PARTY DEFENDANT,
NEW HAVEN TERMINAL, INC.


By:_____
    DAVID J. MONZ, ESQ.
    Federal Bar Number:  ct07061
    SCOTT N. KOSCHWITZ, ESQ.
    Federal Bar Number ct23684
    Updike, Kelly & Spellacy, P.C.
    One Century Tower
    265 Church Street, 10th Floor
    New Haven, Connecticut  06510
    Telephone Number:  (203) 786-8300

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 7th day of May, 2004 to the following counsel of record:

Brian P. Daniels, Esq.
John R. Bashaw, Esq.
Michelle Goglia, Esq.
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
P.O. Box 1746
New Haven, Connecticut 06507-1746

Ann M. Catino, Esq.
Lori M. Dibella, Esq.
Halloran & Sage LLP
225 Asylum Street
Hartford, Connecticut 06106

Eric Lukingbeal, Esq.
Richard Fil, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

Christopher P. McCormack, Esq.
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn
205 Church Street, P.O. Box 1936
New Haven, Connecticut 06509-1910

Alan G. Schwartz, Esq.
Wiggin & Dana
One Century Tower
265 Church Street
New Haven, Connecticut 06508-1832

_____
DAVID J. MONZ, ESQ.
UPDIKE, KELLY & SPELLACY, P.C.