UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| COASTLINE TERMINALS OF | : | |
| CONNECTICUT, INC., | : | |
|      Plaintiff, | : | |
| | : | |
|      v. | : | CIVIL ACTION NO. |
| | : | 3:00CV1698 (WWE) |
| UNITED STATES STEEL CORPORATION, | : | |
|   Defendant/Third-Party Plaintiff, | : | |
| | : | |
|      v. | : | |
| | : | |
| NORTHEAST WASTE SYSTEMS, INC., | : | |
| WASTE MANAGEMENT OF | : | |
| CONNECTICUT, INC., | : | |
| FPS HARBOUR HOLDINGS, INC., | : | |
| BLAKESLEE ARPAIA | : | |
| CHAPMAN, INC., WHITE OAK | : | |
| CORPORATION, NEW HAVEN | : | AUGUST 10, 2004 |
| TERMINAL, INC., and | : | |
| LOGISTEC CONNECTICUT, INC., | : | |
| | : | |
|     Third-Party Defendants. | : | |
| | : | |

**UNITED STATES STEEL CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO NEW HAVEN TERMINAL, INC.'S MOTION TO COMPEL**

Defendant United States Steel Corporation ("USS") hereby files its memorandum of law

in opposition to the July 20, 2004 motion to compel filed by Third-Party Defendant New Haven

Terminal, Inc. ("NHT") with respect to USS's objections to the May 24, 2004 discovery requests

purportedly served by NHT. For the following reasons, NHT's motion should be denied in its

entirety.

**ORAL ARGUMENT REQUESTED.**

I.      THE INFORMATION SOUGHT IS IRRELEVANT TO THE INSTANT ACTION.[1]

By means of its discovery requests, NHT generally seeks information related to the coal-fired boilers historically present at the subject site (the "Site") and physical samples of certain materials from USS facilities anywhere in the world other than the Site.  For the following reasons, neither of these areas of inquiry seek discoverable information.

As to the information concerning coal-fired boilers, since the time USS filed its discovery objections to the date hereof, USS has received the expert witness reports issued on behalf of Plaintiff Coastline Terminals of Connecticut, Inc. ("Coastline").  None of Coastline's experts express the opinion that any of the allegedly actionable conditions present at the Site is consistent with the release of any byproducts associated with the operation of coal-fired boilers.  Accordingly, the further details sought by NHT as to such boilers is entirely irrelevant to the instant action.

As to NHT's request for "other site" information (that is, physical samples of materials from facilities other than the Site), such information is irrelevant for all of the reasons previously argued to the Court with respect to NHT's prior attempts to obtain "other site" information, including those arguments set forth in USS's October 6, 2003 Compliance with August 18, 2003 Discovery Ruling.[2]

For the foregoing reasons, the information sought by NHT is irrelevant, and NHT's motion should be denied.

---

[1] For the convenience of this Court, USS responds to NHT's arguments in the same order as made by NHT in its motion.

[2] USS notes that, as set forth in its October 6, 2003 Compliance, all other USS facilities which performed wire rope manufacturing operations ceased such operations at least 20 years ago.

II.    NHT'S MOTION SHOULD BE DENIED AS TO THE INTERROGATORIES
       BECAUSE COASTLINE/NHT HAVE EXCEEDED THE FEDERAL LIMIT ON
       SAME.

Rule 33(a) of the Federal Rules of Civil Procedure ("Rule 33"), in pertinent part, limits

the number of interrogatories which a party can serve to twenty-five.  The interrogatories

contained in the subject discovery request exceed that limit, with the following background being

relevant hereto:

As can be seen from the operative pleadings filed to date, it is in Coastline's best interests

to prove that it has the ability to impose liability for at least some of the existing contamination

on USS (which USS denies).  NHT, on the other hand, was sued by USS as a third-party

contributor, but no direct claims were brought by Coastline against NHT.  Accordingly, if

Coastline's claims against USS are defeated, then the claims against NHT are moot.  NHT's best

interests, therefore, lie in demonstrating that Coastline cannot impose any liability on USS for

any conditions present at the Site.  Despite this irreconcilable conflict of interest, Coastline and

NHT both are represented by the law firm of Updike, Kelly & Spellacy ("UKS").

It is by means of this apparently improper dual representation that Coastline and NHT

unfairly seek to avoid the above-described limits of Rule 33.  Specifically, because Coastline

already has served the maximum number of interrogatories upon USS, UKS served the instant

discovery requests nominally only on behalf of NHT.  Such transparent conduct should not be

allowed.  In fact, NHT's own memorandum proves the accuracy of USS's arguments.

Specifically, while UKS professes to serve the subject discovery requests only on behalf

of NHT and only has argued, in pertinent part, that the subject information is relevant to NHT's

defense (Mem. p. 5), UKS objects to any order precluding Coastline's use of the requested

information.  If the information truly was sought only by NHT for the purpose of NHT defending

itself against USS's third-party contribution claims, then NHT should not have any objection to an order of this Court limiting the use of any requested information to the defense of NHT.[3]

In light of the above, this Court should conclude that the subject interrogatories were served on Coastline's, not NHT's, behalf and, therefore, exceed the federal interrogatory limit set forth in Rule 33.

III.    USS'S PRIVILEGE CLAIM IS PROPER.

As to NHT's request for all documents concerning any communications "between any employees and/or representatives of USS and any former employees of USS concerning the Site and/or USS's operations at the Site," the only such documents which exist are the notes of USS's trial counsel and USS's internal legal department assisting in that defense. All such documents constitute work-product material created after the commencement of the instant action and have not been shown to any third parties. Accordingly, the subject documents are privileged and, pursuant to Local Rule 37(a)(1), are not required to be listed on any privilege log.

In a single sentence, and without any legal citation, NHT simply states that the subject documents "are not encompassed by the limited exemption from the requirement to maintain a privilege log." Mem. p. 8. This issue, however, already has been decided by this Court. Specifically, Coastline asserted a similar objection in response to the corresponding discovery request of USS. In response to Coastline's July 15, 2003 and September 29, 2003 memoranda in support of their claim of privilege (including arguments that no privilege log is required for those documents created after commencement of the instant action), this Court (Fitzsimmons, U.S.M.J.),

_____

[3] NHT's citation to Rule 26(b)(1) of the Federal Rules of Civil Procedure that one party may obtain discovery regarding any claim or defense of any other party is inapposite. Mem. p. 7. The current issue is not to which discovery NHT is entitled, but what other parties may use any discovery obtained by NHT.

in pertinent part, only ordered the disclosure of those communications (i) involving or disclosed to

Coastline's third-party environmental consultant, (ii) involving Coastline itself, and (iii) involving

any USS former employees interviewed for the purpose of obtaining information useful to the

subject remediation of the Site with the assurance by the interviewer that there would be no

negative repercussions to those former employees.  See December 2, 2003 Ruling on Pending

Discovery Matters.  Coastline, however, was not ordered to disclose the communications between

only its legal counsel and any USS former employees which did not fall into any of the above

categories (including interviews conducted for litigation purposes only).

In light of the above, and for all of the reasons previously briefed by Coastline and

accepted by this Court, the documents concerning post-commencement communications only

between USS's counsel and any former employees for litigation purposes are privileged and are

not required to be listed on any privilege log.

IV.    USS WILL PRODUCE THE COPY OF THE SUBJECT MAP IN USS'S POSSESSION
       TO THE EXTENT IT CAN BE RELOCATED.

NHT also seeks an order of this Court requiring USS to produce a certain map, a copy of

which was produced to NHT on May 17, 2001.  Now, over three years later, NHT has asked to

inspect the map in USS's possession from which the produced copy was made.  Counsel for USS

already has informed NHT's counsel that, to the extent the "original" document can be relocated,

such inspection will be permitted.  USS personnel have been making diligent efforts to relocate

that document in their archived records, but as of the date hereof have been unable to do so.

Thus, NHT's motion is entirely unnecessary.

5

V.    NHT'S REQUESTS FOR DISCOVERY FROM OTHER SITES IS PRECLUDED BY THIS COURT'S DECEMBER 2, 2003 RULING ON PENDING DISCOVERY MATTERS.

By means of its requests for production, NHT requests physical samples of various materials "from any USS facility, domestic or foreign," that currently or historically performed similar operations and/or used coal-fired boilers.  By this Court's (Fitzsimmons, U.S.M.J.) December 2, 2003 Ruling on Pending Discovery Matters, this Court denied Coastline's and NHT's requests for "other site" information without prejudice to renewal "at the completion of all fact discovery and completion of all fact depositions of former USS employees and all other fact witnesses."  Ruling p. 7 (emphasis in original).  In short, neither Coastline nor NHT has taken a single fact deposition to date.  Because Coastline has the ability to collect and identify samples of whatever materials allegedly are present at the Site, Coastline (and presumably NHT) then can question at deposition former USS employees about the USS historic operations, if any, that may have resulted in the creation and/or release of such substances.  Accordingly, having failed to complete fact discovery, NHT cannot yet request "other site" information, and, therefore, NHT's motion must be denied.[4]

---

[4] Although NHT also suggests USS somehow has provided insufficient responses to interrogatories and requests for production concerning USS's waste generation and disposal practices at the Site (Mem. p. 13), NHT, in essence, seems to be complaining that USS has not incorporated into its interrogatory answers all the information contained within the documents produced to NHT.  Thus, NHT's complaint does not appear to rest on a failure to disclose information so much as the form in which the information has been disclosed to NHT.  The level of detail regarding wire rope manufacturing operations contained in Coastline's recently issued expert witness reports also confirms that, overall, USS fairly has provided the requested discovery, especially considering that NHT and Coastline seek information dating back to the early 1900's with respect to a facility closed 20 years before the instant action was commenced.

VI.    CONCLUSION.

For the foregoing reasons, NHT's motion to compel should be denied in its entirety.


UNITED STATES STEEL CORPORATION



By: s/Brian P. Daniels
       Brian P. Daniels (ct11863)
       John R. Bashaw (ct15612)
       BRENNER, SALTZMAN & WALLMAN LLP
       Its Attorneys
       271 Whitney Avenue
       New Haven, CT 06511
       Tel. (203) 772-2600

## **CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was served via United

States first-class mail, postage prepaid, this 10th day of August, 2004 upon:

David J. Monz, Esq.
Scott N. Koschwitz, Esq.
Richard M. Dighello, Jr., Esq.
Updike, Kelly and Spellacy, P.C.
265 Church Street
New Haven, CT  06510
Counsel for Plaintiff and for New Haven
    Terminal, Inc.

Alan G. Schwartz, Esq.
Wiggin & Dana
One Century Tower
265 Church Street
New Haven, CT  06508-1832
Counsel for New Haven Terminal, Inc.

Christopher P. McCormack, Esq.
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, CT  06509-1910
Counsel for Logistec Connecticut, Inc.

Ann M. Catino, Esq.
Halloran & Sage LLP
225 Asylum Street
Hartford, CT  06103-4303
Counsel for Blakeslee Arpaia Chapman, Inc.


_s/Brian P. Daniels_
Brian P. Daniels (ct11863)


875316.doc

8